SHORTESS, Judge.
The Town of Golden Meadow (Golden Meadow), Jervis B. Autin, individually and in his official capacity as mayor of Golden Meadow, and Vendon Calíais, individually and in his official capacity as chief of police of Golden Meadow brought suit against Comet-Press Newspaper, Inc., d/b/a Daily Comet (Comet-Press), Sara Hendricks (a reporter for the Daily Comet), Tommy Rigsby, Joseph David, and Adam Landos for defamation arising out of a series of newspaper articles which appeared in the Daily Comet on November 1, 4, and 5 of 1985, in connection with flooding in the Golden Meadow area caused by Hurricane Juan. Comet-Press and Hendricks filed an exception of no right or cause of action against Golden Meadow, and Autin and Calíais, in their official capacities. Plain *529 tiffs dismissed their petition against Rigs-by, David, and Landos with prejudice, but reserved all rights against the remaining defendants.
After a hearing, the trial court sustained the exception of no right or cause of action against Golden Meadow and dismissed that plaintiffs suit. It denied the exception as to Autin and Cailais in their official capacities. Comet-Press sought writs of certio-rari, prohibition, and mandamus from this court. We granted writs, peremptorily vacated the judgment of the trial court, and entered a judgment in relators’ favor which dismissed the suits of Autin as mayor and Calíais as police chief.[1]
The remaining plaintiffs are Autin and Calíais in their individual capacities. The remaining defendants are Comet-Press and Sara Hendricks. Golden Meadow has brought this appeal and seeks to have the action of the trial court which dismissed its suit reversed.
The issue is whether Golden Meadow as a municipality is barred constitutionally from bringing this action in defamation. In State v. Time, Inc., 249 So.2d 328 (La.App. 1st Cir.) writ denied, 259 La. 761, 252 So.2d 456 (1971), this court considered a defamation suit brought by the State of Louisiana. The state alleged that it and its citizens had been defamed by an article published in Life magazine. Therein, it was held:
Under the American philosophy of government, the state is a creature of the people and does not exist separate and apart from the people. The ‘state’ is simply the name given to a governmental system designed to maintain an ordered freedom, and this system is not considered distinct from or superior to the people. To accept the argument that the state is capable of being defamed would be to reject the basic American principle that the people are the supreme sovereign and to replace it with the antithetical concept that the state is supreme and exists apart from and independently of the people. As long as ultimate [sovereignty] resides in the people, the state cannot be thought of as having a separate personality and, therefore, cannot be said to have been defamed.
State v. Time, Inc., 249 So.2d at 329.
Later, the Fourth Circuit in HMC Management Corp. v. New Orleans Basketball Club, 375 So.2d 700, 710 (La.App. 4th Cir.1979), writs denied, 378 So.2d 1384 (La.1980), 379 So.2d 11 (La.1980), held that the City of New Orleans, a municipality, was constitutionally barred from suing in defamation. It said, in pertinent part:
Furthermore, through unbroken legal precedent in our state, government has been denied the right to bring an action on its own behalf or on behalf of its citizens for libel and defamation. Only citizens of the state may state [sic] for their individual rights in this area of law.
The theory being that the ‘State’ is an extension of its populace, and does not exist separate and apart from its citizens. The purpose of the state is to maintain order, freedom and provide public services to its citizens. The state is not distinct or separate from its people. This fundamental philosophy of the state’s role in our society is the bedrock of democracy.
The leading case in this area of law is State of Louisiana vs. Time, Inc., 249 So.2d 328 [La.App. 1st Cir.1971] which maintained the defendant’s exception of no cause of action and no right of action because the state did not have a cause of action for defamation, even if the charges in the article were false and malicious. The state could not bring an action on behalf of its citizens for defamation.
Therefore, the City has no right or cause of action to sue for libel or slander, and the exceptions filed by the defendants herein are maintained and the City’s petition of intervention and supplemental petition are dismissed herein.
We are not persuaded by Golden Meadow’s argument that there is a vital distinction between the state and a municipality insofar as the legal issue involved in this *530 case is concerned. The State of Louisiana is subdivided into many parishes. The parishes are subdivided into wards. Within the wards, there are cities, towns, and villages, all of which are entities of government. To repeat, from HMC Management Corp., 375 So.2d at 710:
[Tjhrough unbroken legal precedent in our state, government has been denied the right to bring an action on its own behalf or on behalf of its citizens for libel and defamation. Only citizens of the state may state [sic] for their individual rights in this area of law.
(Emphasis ours.)
Accordingly, for the reasons set forth above, we affirm the judgment of trial court which dismissed Golden Meadow’s suit. All costs of this appeal are taxed to Golden Meadow.
AFFIRMED.

. This action has become final.